**ORDERED.**

**Dated:  January 13, 2026**

Jacob A. Brown
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

CASE NO.: 3:25-bk-00891-JAB

JAMES RAYMOND OWENS,

Chapter 7

Debtor.

_____/

**ORDER GRANTING MOTION FOR ENTRY OF**
**ORDER APPROVING COMPROMISE OF CLAIMS BY AND**
**AMONG GREGORY ATWATER, AS CHAPTER 7 TRUSTEE,**
**DEBTOR JAMES RAYMOND OWENS, INDIVIDUALLY AND**
**AS TRUSTEE OF THE FRANK T. PERONE REVOCABLE**
**TRUST, AND SHIPWRECK TREASURE VENTURES CORP.**

This Chapter 7 case came before the Court on the Motion (the "**Motion**" or "**Compromise**"[1]) (Doc. No. 83) of Greogry L. Atwater, the duly appointed Chapter 7 Trustee (the "**Trustee**") in the above captioned matter, seeking the entry of an order approving the Compromise by and between the Trustee and the Debtor, James Raymond Owens in his individual capacity and as Trustee (collectively, "**Owens**") of the Frank T. Perone Revocable Trust (the "**Trust**"), and

---

[1]  Capitalized terms used in this Order shall carry the same meaning and have the same effect as those used in the Motion.

Interested Party Shipwreck Treasure Ventures Corp., a Florida corporation ("**Shipwreck**"), and notice of intent to abandon property of the estate (together, the Debtor and Shipwreck shall be referred to as the "**Debtor Parties**") (and collectively, the Trustee and the Debtor Parties are hereinafter referred to as the "**Parties**").  The Court finds the Motion was served upon all interested parties with the Local Rule 2002-4 Negative Notice legend informing the parties of their opportunity to object within twenty-one (21) days of the date of service, plus three (3) additional days for mailing.  No party filed an objection to the Motion in the time period specified for the filing of such objections, and the Court deems the Motion to be unopposed.

Therefore, it is **ORDERED:**

1.      The Motion is **GRANTED** in its entirety.

2.      The Parties are ordered to comply with the terms of the Compromise.,

3.      Owens, individually and as Trustee of the Trust, and Shipwreck, jointly and severally, shall pay to the Trustee the total sum of $40,000.00, plus interest, as more fully set forth below (the "**Settlement Funds**").

4.      In order to memorialize payment of the Settlement Funds, the Debtor Parties, respectively, shall execute and deliver the following documents to the Trustee: (i) a Promissory Note executed by the Debtor Parties, (ii) a Security Agreement executed by Shipwreck, and (iii) a Mortgage secured by the real property known as 908 Churchill Lane, St. Augustine, Florida 32092 (the "**Real Property**")[2], executed by the Debtor (and altogether, the "**Loan Documents**").  Copies of the Loan Documents were attached to the Motion as Composite Exhibit "A".

---

[2]  The Real Property is legally described as follows:  Lot 87, WINGFIELD GLEN, according to the Plat thereof as recorded in Map Book 43, pages 47 through 56, inclusive, of the Public Records of St. Johns County, Florida (Parcel ID No. 0264460870).

5.      Pursuant to the Loan Documents, the Debtor Parties shall pay the Settlement Funds as follows:   (i) $40,000.00 principal, at 6.75% annual interest, with forty-eight (48) monthly payments of $1,786.37, with the first payment due thirty (30) days after the Loan Documents are executed; (ii) payments received after the 10th day of the month will be assessed a $30 late fee, and  $45 NSF fee or 7% of the payment, whichever is greater, for any check unpaid for any reason; and (iii) there shall be no prepayment penalty and the bankruptcy estate will advance the closing costs associated with the Loan Documents.

6.      The Loan Documents shall be executed by the Debtor Parties on the "Effective Date" as defined by the confirmed Chapter 11 Plan of Reorganization in the Shipwreck Case but no later than thirty (30) days after confirmation of any Chapter 11 Plan of Reorganization in the Shipwreck Case, whichever is sooner.

7.      The Note shall be secured by all assets of Shipwreck, pursuant to the Security Agreement, and the Security Agreement shall operate as a lien on all said assets.  The Trustee shall be authorized to record a UCC-1 Financing in any appropriate jurisdictions, and shall bear all costs associated with same.

8.      Pursuant to the terms of the Security Agreement, Shipwreck shall not make or permit to be made any transfer or sale of any assets (whether singular or in the aggregate and including but not limited to the (i) Opal, Ruby and Emerald necklace from the 17th Century; (ii) Hand gun with silver inlays from the 16th Century; (iii) Treasure chest from the 15th Century; and (iv) the Cannon from Concepcion ship) with a value equal to or greater than $5,000.00, without prior written consent of the Trustee provided however, that Shipwreck may sell inventory in the ordinary course of business.

9.      The Note shall also be secured by the Mortgage, and the Mortgage shall become a lien on the Real Property.

10.      Owens is ordered and directed to cooperate in the estate's liquidation of the Controlling Interest.  Whatever funds the Owens Trustee receives from the liquidation of said assets are property of the estate in the Owens Case.  Owens is also ordered and directed to cooperate in the estate's liquidation of the Common Stock.  Whatever funds the Owens Trustee receives from the liquidation of sale assets is similarly property of the estate in Owens case (and together with funds to be received from the Controlling Interest, the "**Estate Sales Proceeds**").  Owens and the Owens Trustee are prohibited from claiming any exemptions, right, title, claims and/or interest in or to the Estate Sales Proceeds.

11.      In the event the Court does not enter an Order approving the Shipwreck Compromise, or if Shipwreck fails to confirm a Chapter 11 Plan of Reorganization that embodies the terms of the Compromise, then the Loan Documents and the terms of the Compromise shall become null and void and of no further force or effect and the parties will be returned to their status immediately before the filing of the Compromise.

12.      The Trustee shall be authorized to record all or any component of the Loan Documents in any applicable jurisdictions.  The bankruptcy estate is authorized and is directed to pay all documentary stamps, intangible tax and/or recording costs associated with the Loan Documents.

13.      At all material times – and specifically from the filing of the Compromise up through and including payment of the Settlement Funds to the estate and/or assignment of the Loan Documents to a third party – the Debtor shall maintain the *ad valorem* taxes on the Real Property and shall maintain casualty insurance on the Real Property and Shipwreck shall maintain and pay

all appropriate taxes and shall maintain adequate casualty insurance on its assets. Immediately upon the entry of this Order, Owens and Shipwreck shall take whatever steps as necessary to add the Trustee as an additional loss payee on their respective insurance policies and shall provide proof of listing the Trustee as additional loss payee, that these obligations are current, and that casualty insurance remains in full force and effect. In the event these obligations are not current, the Trustee may, in his discretion and business judgment, advance any amounts necessary to bring these obligations current and such amounts shall be added to the principal amount of the Note.

14.     Upon entry of this Order becoming final and no longer subject to appeal, entry of an Order granting the Shipwreck Compromise becoming final and no longer subject to appeal, and after the execution of the Loan Documents, whichever is later (i) the Trustee shall cause the Mortgage to be recorded in the Official Public Records of St. Johns County, Florida; and (ii) the Trustee shall be authorized to sell the estate's interest in the Loan Documents to any third party and shall provide notice of any such sale to all interested parties.

15.     The Settlement Funds shall become property of the bankruptcy estate and shall be distributed according to the Bankruptcy Code.

16.     The Settlement Funds shall be allocated as follows:  100% to the estate's claims against Shipwreck for avoidance of the Transfers.

17.     The Court reserves jurisdiction to resolve or adjudicate any and all disputes that may arise out of, or relate to, those matters addressed by this Order.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.