**ORDERED.**

**Dated:  April 03, 2026**

_____

Jacob A. Brown
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

                                                 **CASE NO.: 3:25-bk-00891-JAB**

**JAMES RAYMOND OWENS,**

                                                 **Chapter 7**

    Debtor.
_____/

**ORDER GRANTING THE**
**TRUSTEE'S MOTION FOR ENTRY OF ORDER**
**AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES,**
**AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(B), (F) and (M)**

**THIS MATTER** came before the Court for hearing on Wednesday, April 1, 2026 at 10:00 a.m. (the "**Sale Hearing**") upon the Trustee's Motion for Entry of Order Authorizing the Trustee to Sell Certain Personal Property Free and Clear of Liens, Claims, Encumbrances and Interests pursuant to 11 U.S.C. §§ 363(b), (f) and (m) (the "**Sale Motion**") (Doc. No. 89), by which Gregory L. Atwater, Chapter 7 Trustee (the "**Trustee**") for the above referenced Debtor, James Raymond Owens (the "**Debtor**"), seeks authority to sell, free and clear of all liens, encumbrances, and interests, whatever interests the bankruptcy estate has in the following assets: (i) one hundred percent (100%) of the authorized, issued and outstanding Series A Convertible Preferred Stock, *to*

*wit*, 1,000 shares of Webstar Technology Group, Inc., a Wyoming corporation ("**WBSR**"), issued and outstanding (out of 1,000 authorized), which represents approximately 75% of the current voting rights of WBSR (the "**Controlling Interest**"); and (ii) One Million Seven Hundred Fifty Thousand (1,750,000) shares of the outstanding common stock of WBSR, as reflected on the books and records maintained by V Stock Transfer (the "**Common Stock**") (and together, the Controlling Interest and the Common Stock are hereinafter referred to as the "**Stock**"). The Trustee, the Debtor and Creditors, Matthew Greenstein and Robert E. Thomas as Chapter 7 Trustee for MJD Legacy Investments, Inc., all via their respective counsel, were present at the Hearing.  For the reasons set forth in the Sale Motion and on the record at the Sale Hearing, the Trustee has demonstrated that the sale of the Stock on the terms contained in the Sale Motion is in the best interests of the Debtor's estate. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The relief requested in the Sale Motion is **GRANTED** and the sale of the Stock by the Trustee pursuant to Sections 363(b), (f) and (m), free and clear of all liens, claims, encumbrances, and interests by private sale to TRNG Purchasing Group, a Georgia partnership or its assigns (the "**Buyer**"), for the sum of $297,500.00 (the "**Purchase Price**"), is hereby **APPROVED**, subject to the terms and conditions herein.

2.      The Purchase Price shall be in the form of cashier's check, personal check or money order and made payable to "Greogry L. Atwater, Trustee" and mailed to: Gregory L. Atwater, Trustee, Post Office Box 1865, Orange Park, Florida 32067 on or within thirty (30) days from this Order becoming final and non-appealable.  All payment instruments shall bear the case number of the Bankruptcy Case.

3.     The Purchase Price shall become property of the bankruptcy estate and distributed according to the Bankruptcy Code.   The Purchase Price shall be allocated as follows[1]: (i) $290,000.00 for the Controlling Interest; and (ii) $7,500.00 for the Common Stock.

4.     The liens of such creditors, which are more particularly described below, shall be extinguished automatically upon the sale of the Stock, shall not operate as liens against the Stock, and the liens of such creditors shall attach only to the sales proceeds as follows: $0.00 to Creditor Robert E. Thomas, as Chapter 7 Trustee for MJD Legacy Investments, Inc. on account of its Proof of Claim 23-1 and its Judgment Lien Certificate, filed on June 26, 2023 with the Florida Secretary of State, as Document Number J24000391696, in the amount of $2,500,000.00, plus interest (the "**JLC**").   However, nothing herein is intended to modify or extinguish whatever other lien rights Creditor Robert E. Thomas, as Chapter 7 Trustee for MJD Legacy Investments, Inc. may enjoy pursuant to its JLC.

5.     Notice of the Sale Motion upon all creditors was proper and in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Rules. There having been no timely filed objections, any and all parties having an interest in the Stock, including, but not limited to, junior lienholders, judgement lien holders, members with options to purchase, or any other legal or equitable interest(s), are deemed to have consented to entry of this Order. The claims of such creditors shall not be secured claims and the liens and interests of such parties shall be extinguished upon the Trustee's sale of the Stock.

6.     Nothing in this Order is intended to affect rights of the United States Trustee, the Trustee or parties in interest to object to proof of claims or for creditors to file amended proofs of

---

[1] The allocations reflected herein are for the Trustee's administrative purposes only.

claims for any deficiency.   Therefore, the United States Trustee, the Trustee and all parties in interest shall retain all rights to prosecute objections to proof of claims.

7. **The sale of the Stock shall be "AS-IS, WHERE IS, WITH ALL FAULTS" and shall be by Assignment and Bill of Sale, with no warranties of title whatsoever.**

8. The Court hereby waives the 14-day stay pursuant to Rule 6004(h).

9. The Trustee is further authorized to take all actions and execute all documents she deems reasonable, necessary and/or desirable to effectuate the requested relief, including but not limited to, the execution and delivery of an Assignment and Bill of Sale of the Stock to the Buyer.

10. The Buyer shall be entitled to the protections afforded by 11 U.S.C. § 363(m).

11. This Court shall retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the Motion and this Order and to adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

Attorney Eugene H. Johnson, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.